# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEENAN OMAR KING,

                Petitioner,                     Case Number: 2:11-CV-13676

v.                                     HONORABLE VICTORIA A. ROBERTS

RAYMOND BOOKER,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR ACCESS TO CASE AUTHORITIES AND MOTION FOR EVIDENTIARY HEARING

Petitioner Keenan Omar King has filed a *pro se* habeas petition under 28 U.S.C. § 2254, challenging his convictions for armed robbery, felony firearm, and unlawful imprisonment.  Now before the Court are Petitioner's "Motion for Access to Case Authorities Available Only in Electronic Databases (LEXIS & Westlaw) and Other Access-Limited Publications" (Motion for Access) and "Motion For an Evidentiary Hearing."

In his Motion for Access, Petitioner asks the Court to issue an Order requiring Respondent to provide him with copies of any unpublished opinions or any published cases unavailable in the prison library cited in his Answer to the petition.[1]  When an incarcerated *pro se* litigant like Petitioner lacks access to cases relied upon by a court's

---

[1] Petitioner notes that the prison law library does not include volumes of the Supreme Court Reporter, Federal Reporter, or Federal Supplement issued prior to 1970.  Additionally, the law library does not contain Michigan reporters prior to 1986.

decision or the State's opposition, the litigant's opportunities to understand and assert his legal rights may be impacted. *See Davis v. Lafler*, 692 F. Supp.2d 705, 706 (E.D. Mich.2009) (*quoting Lebron v. Sanders*, 557 F.3d 76, 78 (2nd Cir. 2009)). Respondent has now filed an answer to the petition. It appears Respondent cites no case law or other materials inaccessible to Petitioner. Therefore, the Court will deny the motion as moot.

Also before the Court is Petitioner's Motion For An Evidentiary Hearing. Petitioner seeks an evidentiary hearing to develop facts to support his ineffective assistance of counsel claims. The Supreme Court recently held that, when a petitioner seeks habeas relief on a claim that has been "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d)(1), federal court review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). If a petitioner raises a claim not adjudicated on the merits by the state courts, the federal court has discretion to consider new evidence under 28 U.S.C. § 2254(e)(2). *Id.* at 1401. Section 2254(e)(2) bars a federal court from holding an evidentiary hearing unless the petitioner satisfies certain statutory requirements.

In this case, the state court, on collateral review, clearly adjudicated the ineffective assistance of counsel claims on the merits. Petitioner seeks relief under § 2254(d)(1), arguing that the state court's adjudication was an unreasonable application of clearly established Federal law. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400. Thus, under *Pinholster*, the Court's review is confined

2

to the record before the state courts and the Court denies the request for an evidentiary hearing. *Id.* at 1398.

The Court DENIES AS MOOT Petitioner's "Motion for Access to Case Authorities Available Only in Electronic Databases (LEXIS & Westlaw) and Other Access-Limited Publications," and DENIES Petitioner's "Motion For An Evidentiary Hearing."

SO ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 21, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Keenan Omar King by electronic means or U.S. Mail on August 21, 2012.

s/Carol A. Pinegar
Deputy Clerk

3